McGREGOR W. SCOTT
United States Attorney
CAMERON L. DESMOND
DAVID W. SPENCER
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>JOSE ENCARNACION MAYO RODRIGUEZ,<br>SYLVIA ZAMBRANO,<br>YESENIA LOPEZ,<br>MARIA LUISA ESCAMILLA-LOPEZ,<br>JUAN CHAVARRIA,<br>JUAN RAMON LOPEZ,<br>NEREYDA ALVAREZ,<br>PHILLIP ALLEN BAILEY, and<br>CHARLES JAMES BILLINGSLEY, JR.,<br><br>　　　　　　　　Defendants. | Case No. 2:19-CR-0231-WBS<br><br>STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGULATING DISCOVERY |

Pursuant to Federal Rule of Criminal Procedure 16(d), the United States, by and through Assistant U.S. Attorneys Cameron L. Desmond and David W. Spencer, and defendants Jose Encarnacion Mayo Rodriguez, Sylvia Zambrano, Yesenia Lopez, Maria Luisa Escamilla-Lopez, Juan Chavarria, Juan Ramon Lopez, Nereyda Alvarez, Phillip Allen Bailey, and Charles James Billingsley, Jr., through their respective counsel of record ("Defendants" and "Defense Counsel"), stipulate and agree, and respectfully request that the Court order as follows.

1.　　As of the date of this stipulation and order, the Government has produced discovery to the Defendants identified as of Bates numbers 000001 through 001265.

STIPULATION AND [PROPOSED] ORDER
REGULATING DISCOVERY

1

2.  This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and its general supervisory authority;

3.  The Government has in its possession additional discovery that may be required under its discovery obligations, but even if not required, may facilitate the Defendants' trial preparation. This discovery will be considered "Protected Material" as described in this stipulation and order, as will any other discovery marked as Protected Material.

4.  This material consists of audio recordings, video recordings, and photographs that identify a law enforcement undercover agent and/or confidential source by voice or by photograph/video.

5.  The purpose of this stipulation and order is to establish the procedures that must be followed by Defense Counsel, any designated employees, and any other individual who receives access to any Protected Material in this case and the information therein.

6.  The Government shall produce the aforementioned Protected Material to Defense Counsel, designating the discovery with the bates prefix, "PM_." This discovery, and any subsequent material discovered by the Government to Defense Counsel using the bates-prefix, shall be considered Protected Material.

7.  All Protected Material in this case is now and will forever remain the property of the Government. It is entrusted to Defense Counsel only for purposes of representing his/her Defendant during the pendency of this case.

8.  Defense Counsel shall not give any Protected Material to any person other than Defense Counsel's staff assisting in preparation of the present case. The term "staff" shall explicitly include only attorneys, paralegals, legal assistants, retained experts, and investigators assisting Defense Counsel in the present matter. The term excludes any other defendant in this matter or any other pending matter against the Defendants; any person involved in any case in which discovery concerning the Defendants is produced; and any other person other than those specifically authorized to see Protected Material under this paragraph.

/ / /

/ / /

9. Any person receiving access to the Protected Material from Defense Counsel shall be bound by the same obligations as Defense Counsel and, further, may not give any Protected Material to anyone.

10. No members of any of the Defendants' family, friends of the Defendants, personal or professional associates of the Defendants, or any other person affiliated with the Defendants shall be given access to any Protected Material or its contents in any manner, for any reason.

11. Defense Counsel may make copies of Protected Material and may take written or typed notes summarizing it in connection with preparation of the case. If necessary to the litigation of the instant matter, Defense Counsel may also have audio or video forms of Protected Material transcribed. All notes, copies, duplicates, summaries, transcripts, or other representations of or concerning the information in the Protected Material comprises "Protected Material" itself, must be affixed with the corresponding bates numbers and the "Protected Material" ledger, and is subject to all terms of this stipulation and order.

12. Defense Counsel shall maintain a list of persons to whom any Protected Material is being or has been given. Such persons shall be provided with a copy of the executed version of this stipulation and order, shall sign their full names to a copy, and shall in writing acknowledge that they understand its terms and are bound by it. If Defense Counsel is replaced for any reason, or if new counsel is appointed in any phase of the matter, the new counsel shall not have access to any Protected Material until and unless they sign a copy of this stipulation and order, under the terms described in this paragraph.

13. Defense Counsel may use the Protected Material in the defense of his/her Defendant in the instant case in any manner deemed essential to adequately represent him or her (*i.e.*, in motions that are filed under seal, if necessary; in *ex-parte* applications as may be needed; and in reproducing and summarizing Protected Material for use in trial preparation summaries, exhibits and as evidence, as may be needed), consistent with this stipulation and order as it shall be originally prepared and signed.

14. In the event Defense Counsel needs to use any Protected Material in a manner not authorized under this stipulation and order, Defense Counsel is entitled to seek to have this stipulation and order amended by the District Court, after having given notice to counsel for the Government, in a

///

hearing before the District Court, in order to meet the obligations under the Sixth Amendment to the United States Constitution.

15. Defense Counsel and any authorized members of Defense Counsel's staff are authorized to review with his/her Defendant the contents of the Protected Material. Defense Counsel and authorized members of her staff, however, are prohibited from in any way giving his/her Defendant any Protected Material or any memorialization of the content of any of it, such as: any of the Protected Material itself; copies of any of the Protected Material; copies of excerpts of any of the Protected Material; or summaries of any of the Protected Material. This prohibition will not extend to the Defendant viewing the Protected Material in open court should any of these materials or summaries thereof be used in the litigation of this case.

Respectfully Submitted,

McGREGOR W. SCOTT
Acting United States Attorney

DATE: May 12, 2020     */s/ David W. Spencer*
DAVID W. SPENCER
Assistant U.S. Attorney

Dated: May 12, 2020     */s/ Todd D. Leras*
TODD D. LERAS
Law Office of Todd D. Leras
*Attorney for defendant Jose Encarnacion Mayo Rodriguez*

Dated: May 12, 2020     */s/ Christopher R. Cosca*
CHRISTOPHER R. COSCA
Christopher R. Cosca, Attorney-at-Law
*Attorney for defendant Sylvia Zambrano*

Dated: May 12, 2020     */s/ Brian Andritch*
BRIAN ANDRITCH
Andritch & Aed, APC
*Attorney for defendant Yesenia Lopez*

Dated:  May 12, 2020          _/s/ Dina Lee Santos_____
                                                DINA LEE SANTOS
                                                Law Offices of Dina L. Santos
                                                *Attorney for defendant Maria Luisa Escamilla-Lopez*

Dated:  May 12, 2020          _/s/ Armando Villapudua_____
                                                ARMANDO VILLAPUDUA
                                                Law Offices of Armando Villapudua
                                                *Attorney for defendant Juan Chavarria*

Dated:  May 12, 2020          _/s/ Phillip Cozens_____
                                                PHILLIP COZENS
                                                Phillip Cozens, Attorney-at-Law
                                                *Attorney for defendant Juan Ramon Lopez*

Dated:  May 12, 2020          _/s/ David M. Garland_____
                                                DAVID M. GARLAND
                                                Law Office of David Garland
                                                *Attorney for defendant Nereyda Alvarez*

Dated:  May 12, 2020          _/s/ Alin Cintean_____
                                                ALIN CINTEAN
                                                Law Offices of Alin Cintean
                                                *Attorney for defendant Phillip A. Bailey*

Dated:  May 12, 2020          _/s/ Johnny L. Griffin, III____
                                                JOHNNY L. GRIFFIN, III
                                                Law Offices of Johnny L. Griffin, III
                                                *Attorney for defendant Charles J. Billingsley, Jr.*

**O R D E R**

Based upon the agreement of the parties and pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the Court adopts the proposed stipulation regulating certain discovery in this case. IT IS HEREBY ORDERED that each of the terms described in the stipulation of the parties shall govern the Protective Material as defined in the stipulation in this case.

**IT IS SO ORDERED**.

DATED: May 12, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE