MICHELE BECKWITH
Acting United States Attorney
DAVID W. SPENCER
HADDY ABOUZEID
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIA LUISA ESCAMILLA-LOPEZ,<br><br>Defendant. | CASE NO. 2:19-CR-0231-04 WBS<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: April 21, 2025<br>TIME: 10:00 a.m.<br>COURT: Hon. William B. Shubb |

**STIPULATION**

1. By previous order, this matter was set for a status conference on April 21, 2025 and a jury trial to begin on May 6, 2025.

2. By this stipulation, the parties request to vacate the April 21, 2025 status hearing and the May 6, 2025 jury trial, and to set this case for a status conference on May 27, 2025, at 10:00 a.m. In addition, defendant moves to exclude time between April 21, 2025, and May 27, 2025, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes over 4400 pages of documents, including investigative reports, photographs, cell phone records, and other materials, as well as numerous audio and video recordings. All of this

1  discovery has been either produced directly to counsel and/or made available for inspection and
2  copying.
3        b)    Many of the events at issue in the case occurred in San Joaquin County, with
4  additional matters occurring in Southern California and the San Francisco Bay Area. Defense
5  investigation into the charged events can fairly be characterized as state-wide in scope.
6        c)    During most of the period that this case has been pending national events related
7  to the spread of COVID-19 occurred. Federal and state authorities issued directives designed to
8  address the pandemic. These directives hampered the ability of the defense to conduct
9  investigation as to potential defenses in this matter.
10       d)    On April 2, 2025, defense counsel Dina Santos was involved in a major car
11 accident.  As a result of an injury sustained during that accident, her physician has determined
12 that she is currently unable to work and that doing so would cause significant exacerbation of her
13 injury and prolong her recover.  Her physician opines that Ms. Santos "may return to work
14 cautiously" on April 28, 2025.
15       e)    Counsel for defendant needs time to recover from her injury suffered during her
16 automobile accident and, upon her return to work, desires additional time to conduct factual
17 investigation and legal research into potential defenses and trial and sentencing issues, to review
18 the discovery, to consult with her client, and to otherwise prepare for trial.
19       f)    Counsel for defendant believes that failure to grant the above-requested
20 continuance would deny her the reasonable time necessary for effective preparation, taking into
21 account the exercise of due diligence.
22       g)    The government does not object to the continuance.
23       h)    Based on the above-stated findings, the ends of justice served by continuing the
24 case as requested outweigh the interest of the public and the defendant in a trial within the
25 original date prescribed by the Speedy Trial Act.
26       i)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,
27 et seq., within which trial must commence, the time period of April 21, 2025 to May 27, 2025,
28 inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4]

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: April 16, 2025                                    MICHELE BECKWITH
                                                         Acting United States Attorney


                                                         /s/ DAVID W. SPENCER
                                                         DAVID W. SPENCER
                                                         Assistant United States Attorney


Dated: April 16, 2025                                    /s/ Dina Lee Santos
                                                         DINA LEE SANTOS
                                                         Law Offices of Dina L. Santos
                                                         *Attorney for defendant Maria Luisa Escamilla-Lopez*


### FINDINGS AND ORDER

Having reviewed the parties' stipulation, and for good cause shown, the Court approves the stipulation, makes the requested findings, and orders that:

1. The April 21, 2025 status conference and May 6, 2025 jury trial are vacated.
2. This case is set for a status conference on **May 27, 2025, at 10:00 a.m.**, and time is excluded under the Speedy Trial Act through May 27, 2025, with the above-requested findings made by the Court.

IT IS SO ORDERED.

Dated: April 17, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE