ERIC GRANT
United States Attorney
DAVID W. SPENCER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-0231-WBS |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| MARIA LUISA ESCAMILLA-LOPEZ, JUAN CHAVARRIA, | DATE: August 18, 2025<br>TIME: 10:00 a.m.<br>COURT: Hon. William B. Shubb |
| Defendants. | |

**STIPULATION**

1. By previous order, this matter was set for status on August 18, 2025.

2. By this stipulation, defendants now move to continue the status conference until **October 20, 2025, at 10:00 a.m.,** and to exclude time between August 18, 2025, and October 20, 2025, under Local Codes A, N, M, and T4.

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has represented that the discovery associated with this case includes over 4400 pages of documents, including investigative reports, photographs, cell phone records, and other materials, as well as numerous audio and video recordings. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b) On June 21, 2022, defendant Juan Chavarria was arrested in San Joaquin County for state firearms violations. He was later released pending trial. On July 22, 2022, Chavarria was arrested for attempted murder, in San Joaquin County, where he was held without bail until April 2025. On April 4, 2025, following his release from state custody to the custody of federal authorities, Chavarria appeared before Chief Magistrate Judge Carolyn K. Delaney, at which time his pretrial release in this case was revoked and he was ordered detained pending trial. *See* ECF 228 (Pretrial Services Violation Petition), ECF 370 (minutes of April 4 hearing), ECF 372 (detention order).

c) In August 2024, this Court set a trial date of May 6, 2025, and a Trial Confirmation Hearing ("TCH") for April 7, 2025. ECF 320. On April 7, 2025, the Court continued the TCH to April 21, 2025, due to counsel for defendant Escamilla-Lopez, Dina Santos, being unavailable due to having been involved in a car accident. ECF 373 (minutes). Defendant Escamilla-Lopez appeared in person and the Court ordered her to appear on April 21, 2025. *See id.* That hearing was later continued by stipulation and order to May 27, 2025. ECF 391.

d) In the meantime, on April 10, 2025, the Court found, based on reports of psychologists from his state case and the parties' stipulation, that defendant Chavarria is "suffering from a mental disease or defect rendering him incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). ECF 381. The Court committed Chavarria to the custody of the Attorney General for treatment in a suitable facility for such a reasonable time, not to exceed four months, as is necessary to determine whether there is a substantial probability that the defendant will attain capacity to permit the proceedings to go forward. *See id.* The Court excluded time from the Speedy Trial Act "until such time as the Court determines that defendant Chavarria is mentally competent to stand trial," pursuant to Local Codes A, N, and T4. *Id.*

e) On May 27, 2025, counsel for the government and defendant Escamilla-Lopez appeared for a status conference as to defendant Escamilla-Lopez for the purpose of setting a

new trial date. ECF 394. Escamilla-Lopez failed to appear as ordered. *Id.* The Court issued a bench warrant for Escamilla-Lopez. *Id.* The Court then set a status conference for August 18, 2025, for defendants Escamilla-Lopez and Chavarria, and excluded time through that date under Local Code M, based on Escamilla-Lopez's unavailability. *Id.*

      f) On August 13, 2025, a forensic psychologist for the BOP advised counsel for the government and counsel for Chavarria that Chavarria continues to receive restoration treatment, that his restoration period is set to end of September 25, 2025, and that at this time, the BOP does not anticipate providing an update to the Court until the end of Chavarria's evaluation, unless one is requested.

      g) Accordingly, the parties request to continue the status conference until October 20, 2025, at 10:00 a.m., to allow time for the BOP to update the Court following the end of defendant Chavarria's restoration period.

      h) In addition, if and when defendant Chavarria is restored to competency and/or Escamilla-Lopez again appears before the Court to face the charges in this case, counsel for defendants need additional time to conduct factual investigation and legal research into potential defenses and trial and sentencing issues, to review the discovery, to consult with their clients, and to otherwise prepare for trial.

      i) In addition, counsel for defendant Escamilla-Lopez and counsel for the government are scheduled for a two-week trial in another matter beginning on October 6, 2025.

      j) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      k) The government does not object to the continuance.

      l) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      m) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of August 18, 2025 to October 20,

2025, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  In addition, time continues to be excluded under 18 U.S.C. § 3161(h)(3)(A)-(B) [Local Code M], until such time as Escamilla-Lopez again appears before the Court in this case, whether in custody pursuant to the active bench warrant or otherwise.  Time also continues to be excluded until such time as defendant Chavarria is mentally competent to stand trial, pursuant to 18 U.S.C. § 3161(h)(1)(A), (h)(4), (h)(7)(A) [Local Codes A and N].

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: August 14, 2025                ERIC GRANT
                                      United States Attorney


                                      /s/ DAVID W. SPENCER
                                      DAVID W. SPENCER
                                      Assistant United States Attorney

Dated: August 14, 2025                /s/ Dina Lee Santos
                                      DINA LEE SANTOS
                                      Law Offices of Dina L. Santos
                                      *Attorney for defendant Maria Luisa Escamilla-Lopez*

Dated: August 14, 2025                /s/ Clemente Jimenez
                                      CLEMENTE JIMENEZ
                                      Law Office of Clemente M. Jimenez
                                      *Attorney for defendant Juan Chavarria*

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED.

Dated: August 14, 2025

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE